IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Demario Covington, #22593-171, | ) | C/A No.: 9:16-2498-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Scotland Memorial Hospital, Inc., and Scotland Health Care System, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Demario Covington ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Estill Federal Correctional Institution. He filed this diversity action against Scotland Memorial Hospital, Inc., and Scotland Health Care System (collectively "Defendants") seeking damages for personal injuries he received while a patient at a facility operated by Defendants.

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff claims he was a patient at Defendants' facility on February 15, 2010. [ECF No. 1 at 2]. Plaintiff alleges he was waiting to be discharged when an armed attacker entered the premises and shot him. *Id.* Plaintiff says he suffered severe personal

injuries and incurred medical expenses. *Id.* at 3. Plaintiff seeks monetary damages. *Id.* at 4.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.

Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Plaintiff files this diversity action alleging he was injured when Defendants "negligently allowed an armed attacker to enter [Scotland Memorial Hospital] and shoot the Plaintiff." [ECF No. 1 at 2]. A federal court sitting in diversity must apply the choice of law rules of the forum state. *See Collins v. R. J. Reynolds Tobacco Co.*, 901 F. Supp. 1038 (D.S.C. 1995), aff'd 92 F.3d 1177 (4th Cir. 1996); *Collier v. Varco-Pruden Buildings*, 886 F. Supp. 528 (D.S.C. 1995); *Witt v. American Trucking Associations, Inc.*, 860 F. Supp. 295 (D.S.C. 1994). Under South Carolina law, a personal injury claim must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action. *See* S.C. Code Ann. §§ 15-3-530(5), 15-3-535. Because the allegations in Plaintiff's complaint concern events occurring in February 2010, the limitations period for Plaintiff to file suit against Defendants has expired.[1] Accordingly, the undersigned recommends the complaint be summarily dismissed.

---

[1] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading, the court is authorized to anticipate clearly-apparent affirmative defenses available to defendants in determining whether, under § 1915, process should be issued. *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983).

III.	Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 12, 2016	Shiva V. Hodges
Columbia, South Carolina	United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).