IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2016 AUG 23 A 10: 50

| | |
|---|---|
| Demario Covington, | No. 9:16-cv-2498-RMG |
| Plaintiff, | **ORDER** |
| vs. | |
| Scotland Memorial Hospital, Inc., and Scotland Health Care System, | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 7), recommending that Plaintiff's case be dismissed without prejudice and without issuance and service of process (Dkt. No. 7). For the reasons stated below, the Court **ADOPTS** the R & R.

## I. Background

On June 15, 2016, Plaintiff filed a *pro se* complaint against Defendants. (Dkt. No. 1). Plaintiff alleges on February 15, 2010, the Plaintiff was a patient at a facility operated by Defendant. (*Id.*) After receiving medical care and while waiting to be discharged, Plaintiff asserts an armed attacker entered the premise and shot him. (*Id.*) Plaintiff claims the Defendants were negligent because (1) they had a duty to ensure the premises were reasonably safe, (2) they failed to exercise reasonable care to employ security measures to ensure Plaintiff was safe while on the premises, and (3) their negligence was the proximate cause of Plaintiff's injuries. (*Id.*)

## II. Discussion

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendation to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

Under South Carolina law, a personal injury claim must be initiated within three years "after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C. Code Ann. §§ 15-3-530(5), 15-3-535. On February 15, 2010, Plaintiff's statute of limitations began to run. Therefore, the three year statute of limitation period expired on February 15, 2013.[1] Plaintiff did not commence suit on the Defendants prior to the expiration of the statute of limitations as provided by the South Carolina Code. Thus, the Plaintiff's case is subject to dismissal.

## III. Conclusion

For the reasons stated above the Court **ADOPTS** the R & R and **DISMISSES** the case without prejudice. (Dkt. No. 7).

**AND IT IS SO ORDERED.**

---

[1] The equitable tolling doctrine does not apply in this case. Equitable tolling will typically apply in cases where a litigant is prevented from commencing a suit due to an extraordinary event beyond his control. *Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.*, 386 S.C. 108, 116 (2009).

2

_____
Richard Mark Gergel
United States District Court Judge

August 22, 2016
Charleston, South Carolina

3